IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Cr. No. 20-1566 KWR |
| ) | |
| vs. ) | |
| ) | |
| TIMOTHY CHISCHILLY and ) | |
| STACEY YELLOWHORSE, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF INTENT TO OFFER EXPERT WITNESS TESTIMONY**

Pursuant to Fed. R. Crim. P. 16(c) and the Court's stipulated amended scheduling order, Doc. 69, the United States hereby gives notice that it intends to introduce at any hearing and during trial, testimony that may arguably be considered as expert testimony, as described in the following paragraphs. The United States submits that all such evidence is relevant to the issues to be tried before the jury in this case. Further, the United States submits this testimony is admissible evidence under Fed. R. Evid. 702 and 703, and that the witnesses have a reliable basis in knowledge and experience in their respective professional disciplines. As grounds for this notice, the United States submits the following and hereby gives notice of the following experts:

1. Sean Macmanus is an FBI special agent on the Cellular Analysis Survey Team ("CAST"). He holds a holds a certification in the same and has trained and presented to other law enforcement agents on the topic. He has been qualified and testified as an expert witness in CAST in several courts, including the United States District Court for the District of New Mexico. The United States anticipates that at trial SA Macmanus would testify about the historical cell site data analysis he performed on three cell phones. That testimony is likely to include conclusions about the approximate location of cell phones at certain times based on data collected from cell towers.

His analysis in this case is forthcoming.  SA Macmanus's CV is attached as exhibit 1.

       2.      Dr. Ross Zumwalt is a pathologist, and a former medical investigator with decades of experience.  He is board certified in anatomic and forensic pathology and is licensed to practice pathology in New Mexico.  He performed or otherwise supervised the autopsy of the victim, Jane Doe.  The United States anticipates that his testimony would likely entail his observations of Doe's body and skeleton, including injuries and opinions about the cause of those injuries.  His testimony would also likely include opinions about the condition of Doe's body and the causes of that condition. The autopsy report was disclosed in discovery on August 18, 2020 to Counsel for Yellowhorse, and to counsel for Chischilly on February 25, 2021.  Dr. Zumwalt's CV is attached as exhibit 2.

       3.      Dr. Heather Edgar is a Ph.D. Forensic Anthropologist and a professor of forensic anthropology at the University of New Mexico.  She, along with Anna Rautman, performed an anthropological analysis of Doe's skeletal remains.  The United States anticipates Dr. Edgar will testify as a fact witness about her observations of the skeletal remains of Doe.  She is also likely to opine about potential causes to fracturing she observed to Doe's remains, whether such fractures occurred before or after death, and thermal damage. Her report was included in discovery and disclosed to counsel for Yellowhorse on February 9, 2021 and to counsel for Chischilly on February 25, 2021.  Dr. Edgar's CV is attached ax exhibit 3.

       4.      Anna Rautman has a M.S. in evolutionary Anthropology.  She has over three years experience at the office of the medical investigatory as the anthropology morphology technician.  She, along with Dr. Edgar, performed an anthropological analysis of Doe's skeletal remains.  The United States anticipates Ms. Rautman will testify as a fact witness about her observations of the skeletal remains of Doe.  She is also likely to opine about potential causes to fracturing she

observed to Doe's remains, whether such fractures occurred before or after death, and thermal damage. Her report was included in discovery and disclosed to counsel for Yellowhorse on February 9, 2021 and to counsel for Chischilly on February 25, 2021.  Ms. Rautman's CV is attached as exhibit 4.

5.      Alan Giusti is a forensic examiner with the FBI.  The United States anticipates that Mr. Giusti will testify to the methodology and results of forensic DNA analysis he performed on DNA samples collected from Defendant Timothy Chischilly's residence.  Mr. Giusti's relevant report was disclosed in discovery (Bates 2068-2072) on October 20, 2020 to counsel for Yellowhorse and on February 25, 2021 to counsel for Chischilly.  His CV is forthcoming.

6.      Dr. Robert Allen is the Oklahoma State University DNA Lab Director.  The United States anticipates Dr. Allen will testify to the methodology and results of a forensic DNA analysis he performed on samples collected from the Jane Doe's remains and from relatives of Doe.  Dr. Allen's Report was disclosed in discovery to counsel for Yellowhorse on August 14, 2020, and counsel for Chischilly on February 25, 2021.  Dr. Allen's CV is attached as exhibit 5.

7.      The above-described expert testimony and evidence are offered to aid the jury in understanding the issues of the case.  Each expert described above may also testify to certain hypothetical questions presented to them by counsel, which are clearly permissible under Fed. R. Evid. 703.  *See Atwood v. Union Pac. R.R. Co.*, 933 F.2d 1019 (10th Cir. 1991) (citing *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 404 (3d Cir. 1980)).

8.      The United States respectfully requests that the Court exercise its special gatekeeping obligation and determine that the proposed testimony of these witnesses is admissible, as they have a reliable basis in knowledge and experience in their respective disciplines.  *See*

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *see also Dodge v. Cotter Corp*., 328 F.3d 1212, 1221-22 (10th Cir. 2003), *cert. denied*, 540 U.S. 1003, 124 S. Ct. 533 (2003).

9. The Court has broad discretion to determine the means for assessing an expert's reliability and in making the ultimate determination of reliability. *Dodge*, 328 F.3d at 1222. As the proposed testimony is standard trial testimony on medical examination and identification of injuries, the United States respectfully requests that the Court treat this Notice as a proffer on the training and background of these witnesses and issue an order recognizing the witnesses as experts and permitting the introduction of their testimony. Specifically, the United States asks that the Court make a finding, upon hearing testimony, that the testimony of these witnesses has a reliable basis in the knowledge and experience of their relevant disciplines. *See Id.* (quoting *Kumho Tire*, 526 U.S. at 149). The United States requests that the Court reserve its reliability determination until the United States introduces into evidence the experience and training of the witnesses at trial.

WHEREFORE, the United States respectfully requests that this Court find that the proposed testimony of each expert has a "reliable basis in the knowledge and experience" of the respective fields of each expert.

    Respectfully submitted,

    FRED FEDERICI
    Acting United States Attorney

    *Electronically filed on September 10, 2021*
    FREDERICK T. MENDENHALL
    JENNIFER M. ROZZONI
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, New Mexico 87103
    (505) 346-7274

I hereby certify that on September 10, 2021, I filed the foregoing electronically through the CM/ECF System, which caused counsel for the Defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/
FREDERICK T. MENDENHALL
Assistant United States Attorney