IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 20-1566 KWR |
| | ) | |
| vs. | ) | |
| | ) | |
| TIMOTHY CHISCHILLY and | ) | |
| STACEY YELLOWHORSE, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT STACEY YELLOWHORSE'S MOTION TO COMPEL *GIGLIO* MATERIALS

The United States responds in partial opposition to Defendant Stacey Yellowhorse's Motion to Compel *Giglio* Materials, Doc. 83. The United States does not object to an order requiring disclosure of *Giglio* material in a timely manner. It does respectfully object to an order requiring immediate disclosure of *Giglio* material. Motion at 3. Due Process requires no such deadline. Indeed, "[a]s long as ultimate disclosure" of such *Brady* and *Giglio* material "is made before it is too late for the defendant to make use of any benefits of the evidence, Due Process Clause is satisfied." United States v. Mendez, 514 F.3d 1035, 1047 (10th Cir. 2008) abrogation on other grounds recognized by United States v. Martinez, 749 F. App'x 698, 704 (10th Cir. 2018).

Instead, the United States requests the Court order disclosure of *Giglio* material on the same day that witness lists are due, because *Giglio* and witnesses are inextricably linked. *Giglio* is impeachment material and what material is impeachment is not altogether clear until witness lists are solidified. In this case, should the Court grant the United States' request, *Giglio* material would still be disclosed more than two *months* before trial, Doc. 69 – ample time for Yellowhorse to review, investigate, and make best use of that evidence at trial. That is all the Constitution

requires.  Such an order would also be in line with what other judges in this district have done in the past with respect to *Giglio* deadlines.  United States v. Fitzpatrick, 2018 WL 1061434, at *5 (D.N.M. 2018) (ordering *Giglio* disclosure at least five days before trial) (Johnson, C.J.); United States v. Smalls, 2008 WL 11361098, at *11-12 (D.N.M. 2008) (ordering *Giglio* disclosure 30 days before trial) (Brack, J.).  For those reasons, and the additional ones articulated below, the United States respectfully requests the Court impose a *Giglio* disclosure deadline on the same day that witness lists are due: December 13, 2021.

## BACKGROUND

This case concerns a homicide where the defendants allegedly nailed the victim to the floor and bashed her head in with a sledgehammer.  Doc. 3.  On April 5, 2021, the Court entered a stipulated amended scheduling order setting deadlines for motions, disclosures, and other matters.  Doc. 69.  The order proposed by the parties, however, did not include a deadline for *Giglio* material.  Here, Yellowhorse requests the Court order immediate disclosure of *Giglio* material – approximately 5 months before trial.  The United States respectfully requests the Court deny that request and impose a deadline hitched to the witness list deadline – two months before trial.  Id.

## RELEVANT LAW

"There is no general constitution right to discovery in a criminal case."  Weatherford v. Bursey, 429 U.S. 545, 559 (1977).  Instead, the government's discovery obligations are limited to *Brady*, *Giglio*, Jencks, and Rule 16 of the federal rules of criminal procedure.  See United States v. Chief, 487 F. Supp. 3d 1162, 1166 (D.N.M. 2020) (Vazquez, J.); Smalls, 2008 WL 11361098, at *2-6; 18 U.S.C. § 3500.

In terms of when *Brady* and *Giglio* must be disclosed, "[a]s long as ultimate disclosure is made before it is too late for the defendant to make use of any benefits of the evidence, Due Process

is satisfied." Mendez, 514 F.3d at 1047 (brackets in original).  Given that rule, "the precise time at which *Brady* or *Giglio* evidence must be disclosed will depend on the specific nature of the evidence at issue." Smalls, 2008 WL 11361098 at *11.  And, as Judge Brack explained, *Brady* and *Giglio* are different types of discovery leading to different timing deadlines: "[e]xculpatory evidence will usually require significant pretrial investigation to be useful to a defendant at trial," so "disclosure [of that material] should generally be required well before pure *Giglio* impeachment evidence." Id.  That is so, because pure *Giglio* impeachment material "usually does not require substantial time to prepare for its effective use at trial." Id.  Thus, "a defendant's right to a fair trial will be fully protected if the government discloses *Giglio* impeachment evidence the day the witness testifies because disclosure at that time will fully allow the defendant to effectively use the information to challenge the veracity of the government's witnesses." *Id.*  Of course, as a prudential matter, postponing disclosures "to the last minute" is discouraged, but "not every delay in disclosure . . . is necessarily prejudicial to the defense." United States v. Burke, 571 F.3d 1048, 1054, 1056 (10th Cir. 2009).

That *Giglio* disclosure need not be disclosed well in advance of trial is further demonstrated by other caselaw.  The government need not disclose *Giglio* before entering a plea agreement. United States v. Ruiz, 536 U.S. 622, 625 (2002).  Similarly, the government does not need to disclose *Giglio* before a motion to suppress hearing. E.g., United States v. Luna, 439 F. Supp. 3d 1243, 1246 (D.N.M. 2020) (Johnson, C.J.); United States v. DeLeon, 2017 WL 2271427, at *30 (D.N.M. 2017) (Browning, J.).  Finally, Chief Judge Johnson and Judge Brack have both considered *Giglio* timing motions and have concluded disclosures close to trial comport with Due Process:  "The Government also argues it need not produce impeachment of *Giglio* material well in advance of trial.  The Court agrees . . . *Giglio* material should be produced **at least five days**

before trial." United States v. Fitzpatrick, 2018 WL 1061434, at *5 (emphasis in original) (Johnson, C.J.); Smalls, 2008 WL 11361098, at *11 ("Under the circumstances of this case, I find the United States' offer to disclose *Giglio* material 30 days before trial to be appropriate and adequate to allow Defendants to prepare their defense.").

## ARGUMENT

The issue before the Court is not whether *Giglio* need to be disclosed, but only *when* it should be disclosed.  The caselaw is clear that timing of the disclosure need not be months and months before trial as Yellowhorse requests.  All that is required is that it be disclosed "before it is too late for the defendant to make use of any benefits of the evidence." Mendez, 514 F.3d at 1047 (brackets in original).  That date could be on the eve of trial.  But the United States does not want to push the limits of the rule and risk a violation.  It is more than willing to produce *Giglio* material two months in advance trial on the date that witness lists are due, which is a logical time for such material to be disclosed.  Consequently, it respectfully requests that the Court does not order *Giglio* disclosures *immediately*.

Yellowhorse argues to the contrary citing one case, United States v. Deleon, in which the district court ordered, orally,[1] that *Brady*, *Giglio*, and Rule 16 material were all to be due on one date, June 9, 2017.  428 F. Supp. 3d 716, 736 (D.N.M. 2019) (Browning, J.); Motion at 3.  To be

---

[1] The written opinion documents the district court's oral order, but does not offer its oral reasoning except to the extent that the district court mused aloud at the hearing that it was "unsure if courts draw a 'distinction between *Giglio* and *Brady* for timing purposes.'" Id. at *736.  It does not offer further written analysis of the issue.

There was supplemental written briefing on the matter requesting the district court to reconsider its position, DeLeon, No. 15-4268 (Doc. 1158), but whether the district court reached the issue in written or oral format is not reflected in the undersigned's review of the docket.  See also DeLeon, No. 15-4268 (Doc. 1332) entitled "Motion to Compel Immediate Production of *Brady/Giglio* Materials" and (Doc. 1463) entitled "Notice of Withdrawal of Motion to Compel Immediate Production of *Brady/Giglio* Materials."

sure, that was the order issued, but that case does not stand for the blanket proposition that *Giglio* and *Brady* material must always be disclosed contemporaneously months in advance of trial. Indeed, in that same opinion the district court acknowledged that the "obligation of the prosecution to disclose evidence under Brady can vary" and it depends "on the phase of the criminal proceedings and the evidence at issue." Id. at 759. In short, the timing of *Giglio* and *Brady* disclosures depends on the case and the issues, as is reflected in the Tenth Circuit's standard. Mendez, 514 F.3d at 1047.

Deleon and this case are wildly unalike, such that the deadline imposed there should not be imposed here. Deleon was a unique, complex racketeering prosecution, spanning decades of conduct, with dozens of defendants, numerous informants/cooperators, and an overwhelming amount of discovery. E.g., United States v. DeLeon, 428 F. Supp. 3d 841, 852-56 (D.N.M. 2019). The district court may have, and likely did have, a very good reason for imposing such a contemporaneous *Brady* and *Giglio* discovery deadline many months before trial.[2] In contrast, this is a two-defendant murder case, admittedly, a complex one, with a good deal of discovery, but has no where near the intricacies of United States v. DeLeon. Given the cases' obvious differences, and the clear caselaw acknowledging that *Giglio* can be safely ordered disclosed much closer to trial, the United States respectfully requests the Court deny Yellowhorse's request.

---

[2] The exact number of months before trial is unclear from the docket and records the undersigned has reviewed. At the May hearing when the district court ordered contemporaneous production of *Giglio* and *Brady* disclosures on June 9, 2017, trial was scheduled for July 10, 2017. Deleon, No. 15-4268 (Doc. 1196). With that said, the district court subsequently entered an order, noting that, at the same hearing, the parties conferred and the Court moved the trial date to January 29, 2018. Deleon, No. 15-4268 (Doc. 1196). Whether the order to produce *Giglio* and *Brady* on June 9, 2017 occurred before or after the district court decided to continue the trial date is not clear. Whether the deadline was seven months before trial or one month before trial, however, is not dispositive to the issue presented here in this exceedingly less complex case than DeLeon.

5

For the foregoing reasons, the United States respectfully requests that the Court deny in part the Motion and order the United States to produce *Giglio* material on December 13, 2021.

<div style="margin-left:40%">

Respectfully submitted,

FRED J. FEDERICI
Acting United States Attorney

*/s/ electronically filed September 24, 2021*
FREDERICK MENDENHALL
JENNIFER ROZZONI
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1402 phone
(505) 346-7296 fax

</div>

I hereby certify that a copy of this
motion was delivered via CM/ECF
to counsel for the defendant.

*Electronically filed*
FREDERICK MENDENHALL