**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

UNITED STATES OF AMERICA

     Plaintiff,

  vs.                                  Case No. 1:20-cr-1566 KWR

TIMOTHY CHISCHILLY and
STACEY YELLOWHORSE,

     Defendants.

**ORDER DENYING MOTION TO COMPEL PRODUCTION OF _GIGLIO_ MATERIALS**

THIS MATTER comes before the Court on Defendant Yellowhorse's Motion to Compel

Production of _Giglio_ Materials (**Doc. 83**).  Defendant seeks an order to compel the United States

to produce all _Giglio_ material immediately and contemporaneously with _Brady_ material.  _See_ **Doc.**

**83, at 1**.  The United States objects in part, contending that _Giglio_ material may be disclosed on

December 13, 2021, rather than immediately.  _See_ **Doc. 86, at 1–2**.  For the reasons stated herein,

the Court finds that Defendant's motion is not well taken, and therefore, is **DENIED**.

The precise time at which evidence under _Brady v. Maryland_, 373 U.S. 83 (1963) and

_Giglio v. United States_, 405 U.S. 150 (1972) must be disclosed "will depend on the specific nature

of the evidence at issue."  _United States v. Smalls_, No. CR 06-2403 RB, 2008 WL 11361098, at

*11 (D.N.M. Jan. 24, 2008).  _Brady_ obligates the prosecution to disclose "evidence affecting [the]

credibility" of its witnesses.  _See Giglio_, 405 U.S. at 154; _United States v. Molina_, 75 F.3d 600,

602 (10th Cir. 1996) ("Under _Brady_ and _Giglio_, the government must furnish to the defense

evidence regarding the credibility of government witnesses.").  "Disclosure of _Giglio_ material

often identifies the witnesses to whom the material relates, and therefore, the court must take into

account the risk to witnesses in early disclosure of *Giglio* evidence." *Smalls*, 2008 WL 11361098, at *11; *see also United States v. Fitzpatrick*, No. 1:17-CR-02557 WJ, 2018 WL 1061434, at *5 (D.N.M. Feb. 23, 2018) ("*Giglio* material need only be produced to give Defendant sufficient time to prepare to impeach a witness, but should not be produced so early as to prematurely identify witnesses."). Thus, generally, a "defendant's right to a fair trial will be fully protected if the government discloses *Giglio* impeachment evidence [with enough] time [that] will fully allow the defendant to effectively use the information to challenge the veracity of the government's witnesses." *See Smalls*, 2008 WL 11361098, at *11.

Here, on April 5, 2021, the Court entered a Stipulated Amended Scheduling Order setting the deadlines for motions and disclosures. *See* **Doc. 69**. However, the Scheduling Order is silent on the deadline for *Giglio* material. Trial for this matter is set for February 22, 2022.

The Scheduling Order provides that witness and exhibit lists are due December 13, 2021. *Id.* **at 2**. Under the circumstances in this case, the Court finds that it is reasonable for disclosure of *Giglio* material to be made on the same day that the witness lists are due. Although this is a complex murder case, December 13, 2021 is more than two months before the scheduled trial on February 22, 2022, and the Court concludes that this time is adequate to allow Defendant to prepare her defense. Accordingly, the Court reminds the United States of its continuing obligation to disclose *Brady* evidence, and directs the Government to disclose all *Giglio* material on or before December 13, 2021.

**IT IS SO ORDERED**.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE