IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Cr. No. 20-1566 DHU |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| STACEY YELLOWHORSE, ) | |
| ) | |
| Defendant. ) | |

**MOTION IN LIMINE TO EXCLUDE DURESS AS A DEFENSE TO MURDER**

The United States files this motion in limine, respectfully requesting the Court to preclude a duress instruction or defense with respect to count 1 of the indictment – first degree murder. As grounds, the United States submits that duress is not a legal defense to murder.

Yellowhorse opposes the relief requested in this Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Timothy Chischilly and Defendant Stacey Yellowhorse murdered Jane Doe by nailing her to a floor and bludgeoning her to death. They later burned and dismembered the body. For those actions, a federal grand jury returned an indictment against Chischilly and Yellowhorse with one count of First-Degree Murder in violation of 18 U.S.C. § 1111. Doc. 32. In the same indictment, Yellowhorse was charged in the alternative in count 2 with accessory after the fact to murder. Id.

## ARGUMENT

Duress, also known as justification, necessity, or coercion,[1] is not a defense to murder. E.g., United States v. LaFleur, 971 F.2d 200, 206 (9th Cir. 1991) ("We are persuaded that duress is not a valid defense to § 1111(a) first degree murder."); United States v. Mitchell, 725 F.2d 832, 835 n.4 (2d Cir. 1983) ("At common law, duress was no defense to the crime of murder."); United States v. Buchanan, 539 F.2d 1148, 1153 (7th Cir. 1975) ("Count 1 charged murder and coercion is not a defense to murder."); R.I. Recreation Center v. Aetna Cas. & Sur. Co., 117 F.2d 603 (1st Cir. 1949) ("It appears to be established, however, that although coercion or necessity will never excuse taking the life of an innocent person, it will excuse lesser crimes.").

The reason for that is simple; coercion is founded on the idea that some criminal acts are justified if those actions are taken to avoid immediate, unavoidable harm to oneself or others. In the case of murder, however, that reasonable justification vanishes because murder requires the death of an innocent third party. "[A] defendant should not be excused from taking the life of an innocent third person because of the threat of harm to himself." LaFleur, 971 F.2d at 206. In short, the justification is no longer reasonable – one cannot trade harm against oneself at the expense of another and escape criminal liability. See United States v. Moore, 486 F.2d 1139, 1154 (D.C. Cir. 1973) ("[B]ecause of the great value which the common law placed on human life, one should risk one's own life rather than take that of an innocent.").

Given that well-settled view of the law, the United States requests a pretrial ruling precluding Yellowhorse from raising a coercion defense to count 1 of the indictment, charging first-degree murder in violation of 18 U.S.C. § 1111(a).

---

[1] See United States v. Butler, 485 F.3d 569, 572 n.1 (10th Cir. 2007) ("Courts have used the terms duress, necessity, and justification interchangeably."); 10th Cir. Pattern Jury Inst. § 1.36 (using "Coercion" and "Duress" as interchangeable terms).

Respectfully submitted,
FRED J. FEDERICI
United States Attorney

*/s/ electronically filed February 7, 2022*
FREDERICK MENDENHALL
JENNIFER ROZZONI
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1402 phone
(505) 346-7296 fax

I hereby certify that a copy of this motion was delivered via CM/ECF to counsel for the defendant.

*Electronically filed*
FREDERICK MENDENHALL

3