IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                      No. CR 20-01566-DHU

TIMOTHY CHISCHILLY and
STACEY YELLOWHORSE

      Defendants.

## UNOPPOSED MOTION FOR A SUPPLEMENTAL JURY QUESTIONNAIRE AND INDIVIDUALIZED VOIR DIRE

Defendant Stacey Yellowhorse, by and through her attorney of record, Carey C. Bhalla, respectfully moves the Court to permit a supplemental jury questionnaire to be given to the jury panel prior to voir dire in this matter. In addition, counsel requests an individualized voir dire on the topics addressed in the jury questionnaire.

"To be meaningful, the adequacy of voir dire examination must allow the defendant an opportunity to make reasonably intelligent use of his peremptory challenges and challenges for cause." *United States v. Sandoval*, No. 04-cv-2362-JB; 2006 WL 1304955, at *2 (D.N.M. Feb. 1, 2006) (citing *United States v. Rucker*, 557 F.2d 1046, 1049 (4th Cir.1977)). Voir dire plays "a critical role in securing the right to an impartial jury" in criminal trials. *Darbin v. Nourse*, 664 F.2d 1109, 1112-13 (9th Cir. 1981). Its principal purpose is "to probe each prospective juror's state of mind" to allow the assessment of bias or prejudice. *Id*. at 1113. Therefore, this examination must proceed "in a manner that allows the parties to effectively and intelligent exercise their right to peremptory challenges and challenges for cause." *Id*.

The trial court is vested with discretion to permit counsel to conduct the examination of prospective jurors, subject to reasonable limitations, or to conduct the inquiry itself, subject to reasonable supplementary questions propounded by counsel through the court. Rule 24, Federal Rules of Criminal Procedure. Regardless of the method employed by the Court, the purpose of the voir dire process remains constant:

> Prejudice and bias are deep running streams more often than not concealed by the calm surface stemming from an awareness of societal distaste for their existence. Extended and trial-delaying interrogation may not pierce the veil, yet a few specific associational questions as a maieutic process may indicate the seeds of dormant prejudice, preconceived and unalterable concepts or other non-fairness disqualifications.

*United States v. Lewin*, 467 F.2d 1132, 1137 (7th Cir. 1972). Once discerned through the voir dire process, these predispositions or prejudices may provide a basis for a challenge for cause or the informed exercise of a peremptory challenge. If the pretrial taint is pervasive, the court may be compelled to grant a change of venue based on actual prejudice to the accused. See *Irvin v. Dowd*, 366 U.S. 717, 727-728 (1961).

Further, while the Constitution does not expressly require peremptory challenges as part of the jury selection process, the peremptory challenge is "one of the most important of the rights secured to the accused." *Pointer v. United States*, 151 U.S. 396, 408 (1894). As such, the peremptory challenge operates:

> not only to eliminate extremes of partiality on both sides, but to assure the parties that the jurors before whom they try the case will decide on the basis of the evidence placed before them, and not otherwise.

*Swain v. State of Alabama*, 380 U.S. 202, 220 (1965). If the parties are to exercise intelligent peremptory challenges, they must be afforded a sufficient opportunity through the voir dire process to inquire into the background and attitudes of the prospective jurors. See *United States v. Gillis*, 942 F.2d 707, 709-711 (10th Cir. 1991); *United States v. Dellinger*, 472 F.2d 340, 366-

376 (7th Cir. 1972). The Tenth Circuit has recognized the value of jury questionnaires as a supplement to oral voir dire. See *United States v. Affleck*, 776 F.2d 1451, 1455 (10th Cir. 1985).

Courts have noted that a juror questionnaire can be "a useful tool to more easily facilitate voir dire." *Lowery v. City of Albuquerque*, 09-cv-0457-JB-WDS; 2012 WL 1372273, at *5 (D.N.M. Apr. 11, 2012). The Court has ordered prospective jurors to complete juror questionnaires before voir dire as it found this would aid the Court and the parties in obtaining information that will be helpful for the exercise of early cause and peremptory challenges and reduce unnecessary questioning during in Court in voir dire. *Lowery,* 2012 WL 1372273, at *5 (quoting *Sandoval*, 2006 WL 1304955, at *3). In *Lowery*, the Court noted how the questionnaire "will aid judicial economy by allowing the Court to use the limited time available for voir dire to more fully explore any issues revealed within the questionnaires." *Id*. The questionnaire will aid the Court and the parties in more effectively determining the existence and substance of challenges for cause, as well as assisting the parties in the exercise of their peremptory challenges.

In *Sandoval*, the Court permitted a jury questionnaire over the government's objection in a child sex abuse case. The Court reasoned:

> The questionnaire will aid the Court and the parties in obtaining and receiving information that will be helpful for the exercise of early challenges for cause so that prospective jurors do not have to be subjected unnecessarily to questioning in Court in voir dire. The questionnaire will allow the prospective jurors the opportunity to retain some measure of privacy on the sensitive issues that arise in this case, such as sexual abuse, incest, gambling, and religious differences.
>
> The questionnaire will aid judicial economy by allowing the Court and the parties to use the often limited time available for voir dire to address more substantive matters. The questionnaire will also allow the prospective jurors to provide some information about necessary but more mundane lines of inquiry outside the courtroom, thereby relieving the Court of the need to convene to conduct questioning about such mundane matters. By addressing these mundane matters in the questionnaire, the Court will be able to use the time available for in person voir

dire more efficiently. The questionnaire will aid the Court and the parties in more effectively determining the existence and substance of challenges for cause, and in exercising those challenges, as well as assisting the parties in determining and exercising peremptory challenges.

*Id*. at 3.  The same considerations are in play here despite the differences in the facts and crimes alleged.

The Government does not oppose the relief requested herein. The parties agree that they will work together to formulate appropriate questions. There are a number of outstanding pre-trial motions and the rulings on those motions will dictate the substance of the questionnaire. To that end, the parties will work together after the Court has entered a ruling on the pre-trial motions at issue but may need to litigate some of the proposed questions at a later date.

Respectfully submitted,

**ROTHSTEIN DONATELLI LLP**

*/s/ Carey C. Bhalla*
CAREY C. BHALLA
500 4th Street, NW, Suite 400
Albuquerque, New Mexico 87102
(505) 243-1443 - office
(505) 242-7845 - fax
cbhalla@rothsteinlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was sent via the Court's CM/ECF system on, this 7th day of February, 2022, which caused counsel of record for all parties to receive a copy of this Motion electronically.

*/s/ Carey C. Bhalla*
Carey C. Bhalla