IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                       No. CR 20-01566-DHU

STACEY YELLOWHORSE,

    Defendants.

**RESPONSE TO THE MOTION TO DISMISS WITHOUT PREJUDICE COUNT 2 OF THE INDICTMENT**

    Defendant Stacey Yellowhorse, by and through her attorney of record, Carey C. Bhalla of Rothstein Donatelli, LLP, submits her Response to the Government's Motion to Dismiss Without Prejudice Count 2 of the Indictment (Doc. 119) ("MTD Count 2"). Ms. Yellowhorse opposes the motion only to the extent that the Government seeks to dismiss Count 2 without prejudice. If Count 2 is dismissed with prejudice, Ms. Yellowhorse does not oppose the Government's motion. In support of her Response, Ms. Yellowhorse would respectfully show the Court as follows:

## ARGUMENT

    Permitting the Government to dismiss Count 2, accessory after the fact, without prejudice, will not streamline the issues; is not necessary to avoid jury confusion; and it risks a tremendous waste of judicial resources. If the jury finds Ms. Yellowhorse innocent of Count 1, the Government could simply re-indict Ms. Yellowhorse with Count 2, which is impermissible under Rule 48(a) and *Rinaldi v. United States*, 434 U.S. 22 (1977). Re-indicting Ms. Yellowhorse with accessory after the fact would require the Government to put on nearly all the same evidence as under Count 1. This would be a waste of precious judicial resources and force the parties and the Court to sit through nearly the same trial. Therefore, if the Government wishes to dismiss Count 2, Ms.

1

Yellowhorse asks the Court to dismiss it with prejudice so that Government cannot "charg[e], dismiss[], and rechar[e]" Ms. Yellowhorse at will. *Rinaldi*, 434 U.S. at 29 n.15.

"At common law, a federal prosecutor could dismiss an indictment nolle prosequi without approval of the court." *United States v. Wilson*, No. CR. 09-1465 JB, 2010 WL 3023372, at *1 (D.N.M. June 18, 2010) (citing 3B C. Wright, N. King, S. Klein, & P. Henning, Fed. Prac. & Proc.Crim. § 812, at 323 (3d ed.2004). Rule 48(a) of the Federal Rule of Criminal Procedure imposed some limits on this unfettered discretion: 'The government may, *with leave of court*, dismiss an indictment, information, or complaint.'" Fed. R. Crim. P. 48(a) (emphasis added).

Although Rule 48 does not define "with leave of court," which the Tenth Circuit states is "to protect a defendant from harassment by a prosecutor's charging, dismissing, and recharging the defendant." *United States v. Hutchinson*, 2 F.3d 1161 (Table), 1993 WL 307940, at *3 (10th Cir. Aug. 10, 1993). *See United States v. Ellzey*, 2 F.3d 1161 (Table), 1993 WL 307949, at *2 (10th Cir. Aug. 10 1993) ("Requiring leave of the court to dismiss an indictment prevents the prosecutor from harassing a criminal defendant by repeatedly filing and dismissing charges[.]"). *See also United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004) ("'A court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest.'") (quoting *United States v. Carrigan*, 778 F.2d 1454, 1463 (10th Cir. 1985)). The Supreme Court has explained that the "principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, e. g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi*, 434 U.S. at 29 n.15.

The Government's contention that dismissing Count 2 would streamline the case is only correct so far as one count is less than two counts. If the Government wishes to do so, Ms.

2

Yellowhorse does not object so long as the Court dismisses Count 2 with prejudice. The Government is incorrect, however, that streamlining the case by cutting out Count 2 is necessary to avoid jury confusion. The Government's current theory of the case is that Timothy Chischilly and Ms. Yellowhorse together "killed the victim by nailing Jane Doe to the floor, hammering a nail into Jane Doe's head, and bludgeoning Jane Doe with a sledgehammer." Indictment at 1 (Doc. 32). After the murder, the Government alleges that Ms. Yellowhorse helped Mr. Chischilly dispose of the body in violation of 18 U.S.C. § 3. *See id*. Although the Government is correct that a person cannot both be the principle of crime and an accessory after the fact—a person "who only provide[d] aid *after* the commission of the crime" and was not "actively involved in the commission of the crime," *United States v. Taylor*, 322 F.3d 1209, 1212 (9th Cir. 2003) (emphasis added)—the Government points to no case stating that a person cannot be charged both as the principle and the accessory after the fact. *See* MTD Count 2. Indeed, indictments are notoriously overinclusive, but what matters is the verdict. Under the Government's theory of the case, there are three permissible jury verdicts: Ms. Yellowhorse is (i) guilty of Count 1, murder, in which case Count 2, accessory after the fact, does not apply; (ii) not guilty of murder, but guilty as an accessory after the fact; or (iii) not guilty on both counts. Fashioning a verdict form so that the two counts are disjunctive is simple: it would only have to say: "If you the jury conclude that the Defendant, Ms. Yellowhorse is guilty of Count 1 do not proceed to Count 2. If you the jury conclude that the Defendant is not guilty of Count 1, proceed to Count 2." Such a verdict is straightforward and eliminates any concern the Government has about jury confusion or that "the jury erroneously finds Yellowhorse guilty of both Count 1 and Count 2." MTD Count 2 at 2.

Next, the Government raises its perennial and misplaced worry the jury would be confused by a duress defense. *See* MTD Count 2 at 2 ("[A]dditional confusion may arise because possible

3

defenses and evidence available to Count 2 are unavailable for Count 1."). Again, Ms. Yellowhorse is not raising duress as a defense for Count 1—her consistent position is that she is innocent of the murder. Ms. Yellowhorse's duress defense for Count 2 raises no risk of jury confusion with her innocence claim for Count 1, because she is not seeking to introduce any evidence that Mr. Chischilly coerced her to commit the murder, only that she did not do it. Any evidence that Mr. Chischilly coerced her to dispose of the victim's remains is not related to Count 1, because all the actions related to Count 2 happened *after* the allegations relevant to Count 1. The evidence relevant to Ms. Yellowhorse's innocence claim for Count 1 and the evidence relevant to her duress defense for Count 2 are distinct and the Government does not explain why the jury would insert a duress defense for Count 1 when Ms. Yellowhorse does not raise it. *See* MTD Count 2 (devoting only one sentence to explain why there is risk of such jury confusion). Again, jury instructions will make it clear that the duress defense applies to Count 2.

Lastly, the Government's citation to *Wilson* is not persuasive, because there the Government was concerned about dismissing a count that occurred a year prior to the other three counts. *See* 2010 WL 3023372, at *2. There the court explained that eliminating a count would "remove clutter" from the theory of the case because the "range of dates is a substantial period of time to cover. Especially given that the United States believes the evidence of the occurrences in [the first count] is not as strong, it is reasonable for the United States to prefer not to have to present all of its evidence and attempt to make a cohesive story over the course of a three-year period." *Id*. Here, Counts 1 and 2 are only separated by a matter of days and the conduct is intertwined. Rather than being clutter, the two counts directly relate to one another. Further, the Government here is not claiming that Count 2 has weaker evidentiary support than Count 1, whereas in *Wilson* the Government was worried about undermining its theory of the case with weak evidence. *See id*.

4

Because here the two counts are intertwined, in the event the Government seeks to re-indict Ms. Yellowhorse should she prevail on Count 1, the parties and this Court will have to hear nearly all the same evidence, whereas in *Wilson*, the counts were separated by more than a year and otherwise unrelated.

Because there is no risk of jury confusion or error with a clear verdict form and simple jury instructions, there is no need to dismiss Count 2 to assuage the Government's worries. Nonetheless, to the extent the Government wishes to exercise its prosecutorial discretion in fashioning its case, Ms. Yellowhorse does not oppose dismissing Count 2 as long as it is with prejudice. Ms. Yellowhorse does not want to go through effort of defending herself and the jury finding her innocent of the murder, for the Government to come back and re-charge her with accessory after the fact. Doing so would be a tremendous waste of judicial resources.

Respectfully submitted,

**ROTHSTEIN DONATELLI LLP**

*/s/ Carey C. Bhalla*
CAREY C. BHALLA
500 4th Street, NW, Suite 400
Albuquerque, New Mexico 87102
(505) 243-1443 - office
(505) 242-7845 - fax
cbhalla@rothsteinlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of February 2022, I served a true copy of the foregoing pleading filed electronically through the Odyssey File & Serve System, which caused counsel for the State to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Carey C. Bhalla*
**ROTHSTEIN DONATELLI**
