IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Cr. No. 20-1566 DHU |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| STACEY YELLOWHORSE, ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE COUNT 2 OF THE INDICTMENT**

The United States replies to Defendant Stacey Yellowhorse's Response to the Motion to Dismiss Without Prejudice Count 2 of the Indictment.  Doc. 133 ("Response").  She responds noting that she does not oppose dismissal of count 2 but argues that the Court should dismiss it with prejudice.  Response at 1.  The Court should decline that invitation.

When the United States moves for dismissal of a count under Rule 48(a), "the usual practice is to dismiss without prejudice." United States v. Wilson, 2010 WL 3023372, at *2 (D.N.M. 2010); United States v. Cisneros, 2003 WL 27384770, at *18 (D.N.M. 2003) (Vazquez, J.) (dismissing indictment under Rule 48(a), without prejudice, over an objection); United States v. Rojo-Alvarado, 2019 WL 4482712, at *3-4 (W.D. Okla. 2019) (same); United States v. Roriguez-Romo, 2019 WL 1058199, at * 3 (D. Kan. 2019) (same); United States v. Casados, 2011 WL 6300942 at *1-2 (D. Colo. 2011) (same).  Indeed, "[g]enerally speaking, there is a strong presumption in favor of a dismissal without prejudice over one with prejudice." United States v. Florian, 765 F. Supp. 2d 32, 34-35 (D.D.C. 2011).  Dismissing with prejudice is typically reserved for instances when the United States acts in bad faith.  Rojo-Alvarado, 2019 WL 4482712, at *3 ("On the current

record, there is no evidence the Government is acting in bad faith . . . . Dismissal without prejudice strikes an appropriate balance between the competing public interest factors"). "[T]he presumption," however, is "that the prosecutor acted in good faith." United States v. Welborn, 849 F.2d 980, 983 (5th Cir. 1988). Such a "presumption is rooted in a proper respect for the constitutional division of power between the executive and judicial branches." Id.; Florian, 765 F. Supp. 2d at 35 ("[T]he district court may not substitute its judgment for that of the prosecutor even if it might have reached a different conclusion were it presented with the issue in the first instance."); see United States v. Robertson, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995) ("[C]ourts are vested only with limited supervisory power over prosecutorial charging decisions specifically under Rule 48(a)"). Bad faith, if found, typically occurs when the United States seeks to dismiss "for the purpose of harassing" the defendant "in the future." Wilson, 2010 WL 3023372, at *2. But dismissal with prejudice is not appropriate where the United States offers "plausible, non-harassing reasons" to dismiss the count. Id. at *3.

Here, the United States proffered such reasons: potential juror confusion and unfair prejudice given the mutual exclusivity of the two counts and that evidence admissible to count 2 (duress) is unfairly prejudicial to count 1. Doc. 119 at 2. Yellowhorse argues to the contrary, contending that there is absolutely "no risk of jury confusion or" prejudicial "error" despite those issues identified. Response at 3-6. She contends there is *no* risk of unfair prejudice because the jury will simply follow the Court's instructions to ignore duress evidence for count 1, id. at 4; never mind that in a separate filing she argued to the Court that it is "naïve" to "assum[e] that prejudicial effects can be overcome by instructions to the jury." Doc. 78 at 11 ("[A]ll practicing lawyers know [it] to be unmitigated fiction."). Indeed, in support of her motion to sever her trial from her co-defendant's, Yellowhorse made an argument based on the same principle that the

United States raises here.  According to her, evidence admissible against her co-defendant was not admissible and prejudicial against her[1]; thus, allowing the jury to hear that evidence in her trial would result in unfair prejudice and a separate trial with separate juries was needed, overcoming the public's interest in conserving judicial resources by combining the trials.  Doc. 78 at 9-14; see also United States v. Olsen, 519 F.3d 1096, 1102 (10th Cir. 2008).

The United States' reason for dismissal of count 2 is grounded in the same principle: evidence admissible as to count 2 is not admissible as to count 1 (duress is not a defense to murder).  There is a risk of unfair prejudice (and confusion) in the form of the jury hearing that Chischilly controlled every aspect of Yellowhorse's life, hearing argument from counsel to the same effect, and, from that, concluding erroneously Yellowhorse should be acquitted of *both* counts.  That reasoning was sufficient in Yellowhorse's eyes when she held the burden of persuasion to sever the trials, Doc. 78 at 9-14, Olsen, 519 F.3d at 1102 (noting the burden); it is also sufficient here where the United States has no burden, Cisneros, 2003 WL 27384770, at * 5 ("The government does not bear the burden of proving that dismissal is in the public interest.") citing United States v. Salinas, 693 F.2d 348, 352 (5th Cir. 1982).

Moreover, the reality is that juror confusion occurs even with clear jury instructions.  Inconsistent verdicts happen.  See e.g., United States v. Powell, 469 U.S. 57 (1984); United States v. Abbott Washroom Systems, Inc., 49 F.3d 619, 622 (10th Cir. 1995); United States v. Howell, 199 F. App'x 697, 704-05 (10th Cir. 2006).  They also happen with counts that are mutually exclusive.  United States v. Driver, 945 F.2d 1410, 1414 (8th Cir. 1991) (noting the jury returned "an inconsistent verdict finding [the defendant] guilty as both an Indian and a non-indian, two

---

[1] By referencing Yellowhorse's motion to sever argument here, the United States is not conceding that her theory of inadmissibility in that motion was correct.

3

mutually exclusive charges."); Churchwell v. Lebo, 2020 WL 918765, at *10 (M.D. Tenn. 2020) (discussing, on habeas review, a case with an inconsistent verdict on mutually exclusive counts); United States v. Daigle, 149 F. Supp. 409, 413-14 (D.D.C. 1957) (noting the jury returned guilty verdicts on both a larceny and embezzlement count – mutually exclusive counts – "contrary to the court's instructions"). Importantly, unlike other inconsistent verdicts, inconsistent verdicts on mutually exclusive counts may be grounds for reversal. Powell, 469 U.S. at 69 n.8 (reserving the issue); United States v. Randolph, 794 F.3d 602, 610-11 (6th Cir. 2015) (recognizing that inconsistent verdicts are generally unreviewable, except "where a guilty verdict on one count necessarily excludes a finding of guilt on another, i.e., a mutually exclusive verdict"); Masoner v. Thurman, 996 F.2d 1003, 1005 (9th Cir. 1993). But see Driver, 945 F.2d at 1414-15. Because jury confusion does happen with mutually exclusive counts, and error here might amount to reversible error, the United States has proffered plausible, non-harassing reason to dismiss count 2 without prejudice.

With respect to Yellowhorse's argument about judicial efficiency, to the extent that it is relevant to this analysis,[2] should a second trial occur it would not require the "Court to sit through nearly the same trial." Response at 1. A good deal of evidence with respect to the murder trial will not be at issue in an accessory after the fact trial – e.g., identity evidence (evidence that Yellowhorse committed the murder), the 404(b) evidence identified, etc. . . Indeed, much of the

---

[2]The United States is dubious that judicial efficiency is a relevant consideration since the caselaw focuses the issue on whether the United States acts in good faith. The "public interest" language found in the caselaw does not encompass judicial efficiency. Instead, "[c]ourts have equated a dismissal that is clearly contrary to the public interest with one in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social evident rather than trial." In re Richards, 213 F.3d 773, 787 (3d Cir. 2000); see United States v. Smith, 55 F.3d 157, 159 (4th Cir. 1995) ("A [Rule 48] motion that is not motivated by bad faith is not clearly contrary to manifest public interest and it must be granted."). To the extent judicial efficiency is material, the United States addresses it here.

evidence may be paired down at a second trial since there seems to be little dispute that Doe was murdered. While a second trial, of course, would expend additional judicial (and prosecutorial) resources, that reason is not enough to dismiss count 2 with prejudice.

For those reasons, the United States respectfully requests the Court dismiss count 2 without prejudice.

                    Respectfully submitted,

                    FRED J. FEDERICI
                    United States Attorney

*/s/ electronically filed March 14, 2022*
FREDERICK MENDENHALL
JENNIFER ROZZONI
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1402 phone
(505) 346-7296 fax

I hereby certify that a copy of this motion was delivered via CM/ECF to counsel for the defendant.

*Electronically filed*
FREDERICK MENDENHALL