IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 20-1566 DHU |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| STACEY YELLOWHORSE, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' OBJECTIONS TO DEFENDANT STACEY YELLOWHORSE'S EXHIBIT LIST

The United States responds objecting to certain exhibits listed on Yellowhorse's Exhibit List. Doc. 178 at 4-5 ("Exhibit List"). The United States lists below Yellowhorse's proposed exhibits in the order she presented with the United States' objections noted. Where appropriate, the United States has attached as an exhibit for the Court's review the evidence Yellowhorse wishes to introduce.

1.  Yellowhorse offers the FBI 302[1] regarding photographs of Ms. Yellowhorse in jail. Exhibit List at 4. The proposed exhibit is typed notes from an FBI agent about an encounter with Yellowhorse. See Exhibit 1. The exhibit is hearsay (an out of court statement offered for the truth) and the Court should exclude it. See Fed. R. Evid. 801-802.

2.  Yellowhorse offers the FBI 302 regarding Co-defendant Chischilly's Interview. Exhibit List at 4. The proposed exhibit is typed notes from an FBI agent about statements

---

[1] A "302" is shorthand for FBI reports generated. The term "302" comes from the reports' standardized numerical designation found on the face of the report, typically in the upper left-hand corner, "FD-302."

Chischilly made to that agent. See Exhibit 2. The exhibit is hearsay (an out of court statement offered for the truth) and the Court should exclude it. See Fed. R. Evid. 801-802. To the extent that Chischilly's statements within the 302 are offered for the truth of the matter, they are a second layer of hearsay and, accordingly, the Court should exclude those statements on that ground, too. Id.

3. Yellowhorse offers the FBI 302 regarding recordings of Stacey Yellowhorse. Exhibit List at 4. The proposed exhibit is typed notes about recordings made of Stacey Yellowhorse. Exhibit 3. The exhibit is hearsay, and the Court should exclude it. See Fed. R. Evid. 801-802.

4. Yellowhorse offers the FBI 302 regarding Herman Yellowhorse. Exhibit List at 4. The proposed exhibit is typed notes about statements Yellowhorse's father – Herman Yellowhorse – said to the agent. Exhibit 4. The 302 is hearsay, so the Court should exclude it. See Fed. R. Evid. 801-802. Mr. Yellowhorse's statements are an additional layer of hearsay, so the Court should exclude it on that independent ground, too. Id.

5. Yellowhorse offers the FBI 302 about an interview with a confidential source. Exhibit List at 4. The proposed exhibit is typed notes about statements a confidential source said to an agent about Timothy Chischilly and Timothy Chischilly's statements to the confidential source.[2] The exhibit is hearsay, so the Court should exclude it. See Fed. R. Evid. 801-802. The confidential sources statements are an additional layer of hearsay, so should be excluded on an independent hearsay ground. Id. Finally, the confidential source's statements about Chischilly's statements are *another* level of hearsay, so should be excluded on that ground as well. Id.

---

[2] The United States does not attach this proposed exhibit because of the sensitive nature of the document. Should the Court desire a copy, the United States does not object to submitting it to the Court under seal.

6. Yellowhorse offers the FBI 302 regarding receipt of property from Crownpoint Police Department. Exhibit List at 4. The proposed exhibit is typed notes about receipt of physical evidence. Exhibit 5. The 302 is hearsay, so the Court should exclude it. See Fed. R. Evid. 801-802.

7. Yellowhorse offers photographs of evidence of a binder and a white Buick. Exhibit List at 4. The United States does not object to the introduction of the evidence listed as #7 on Yellowhorse's exhibit list, assuming Yellowhorse lays a proper foundation at trial.

8. Yellowhorse offers photographs of a knife in a white Buick. Exhibit List at 4. The United States does not object to the introduction of the evidence listed as #8 on Yellowhorse's exhibit list, assuming Yellowhorse lays a proper foundation at trial.

9. Yellowhorse offers photographs of Ms. Yellowhorse in jail. Exhibit List at 4. The United States does not object to the introduction of evidence listed as #9 on Yellowhorse's exhibit list, assuming Yellowhorse lays a proper foundation at trial.

10. Yellowhorse offers the FBI DNA report as an exhibit. Exhibit List at 4. The proposed exhibits is 100+ pages of a forensic report from an FBI laboratory about DNA analysis.[3] The proposed exhibit is hearsay, so should be excluded on that ground. See Fed. R. Evid. 801-802.

11. Yellowhorse offers the FBI latent print report as an exhibit. Exhibit List at 4. The proposed exhibit is a six-page report about latent print analysis done of certain items of evidence collected. Exhibit 6. The exhibit is hearsay, so should be excluded on that ground. See Fed. R. Evid. 801-802.

---

[3]Due to the size of the proposed exhibit, the United States does not attach it to this filing.

12. Yellowhorse offers the transcript of grand jury proceedings. Exhibit list at 4; Doc. 122-1. The transcript is hearsay, so the Court should exclude it. See Fed. R. Evid. 801-802. The statements within the transcript are another layer of hearsay so should be excluded. Id. Finally, any statements about statements from other people are a third layer of hearsay and that is yet another reason to exclude this document. Id.

13. Yellowhorse offers photographs of the scene, the landscape, and the house. Exhibit list at 4. The United States does not object to the introduction of evidence listed as #13 on Yellowhorse's exhibit list, assuming Yellowhorse lays a proper foundation at trial.

14. Yellowhorse offers recordings and transcripts of Stacey Yellowhorse's recorded statements. Exhibit list at 4. The United States objects to Yellowhorse's introduction of her own statements as hearsay. See Fed. R. Evid. 801-802; see also e.g., United States v. DeLeon, 287 F. Supp. 3d 1187, 1236 (D.N.M. 2018) ("Hearsay bars a party from presenting its own statements.").[4]

15. Yellowhorse offers her expert's CV. Exhibit List at 4. The United States objects to the document as hearsay and the Court should exclude it. Fed. R. Evid. 801-802.

16. Yellowhorse offers photographs of nails at the burn site. The United States does not object to the introduction of evidence listed as #16 on Yellowhorse's exhibit list, assuming Yellowhorse lays a proper foundation at trial.

17. Yellowhorse offers the forensic anthropology report. Exhibit list at 4. The United States does not object to the introduction of evidence listed as #17 on Yellowhorse's exhibit list, assuming Yellowhorse lays a proper foundation at trial.

18. Yellowhorse offers NM EMS Report. Exhibit list at 4. The document is typed notes from an emergency service personnel about an interaction he had with Yellowhorse. See

---

[4] Due to the proposed exhibit's size, the United States does not attach a copy here.

Doc. 78-2. The document is hearsay, so the Court should exclude it on that ground. Fed. R. Evid. 801-802. The statements Yellowhorse made recorded in that document not for the purposes of medical diagnosis are a second layer of hearsay, and the Court should exclude those statements on that independent ground, too. Id.

19.     Yellowhorse offers recordings and transcripts of Chischilly's recorded statements. Exhibit list at 5. The transcripts are hearsay, so should be excluded.[5] Fed. R. Evid. 801-802. Chischilly's recorded statements offered for the truth should be excluded as hearsay. Id. If Yellowhorse offers those recorded statements for some other purpose, the United States reserves the right to object to them on other grounds.

20.     Yellowhorse offers a transcript regarding a conversation with a confidential source. Exhibit list at 5. The transcript[6] is hearsay, so should be excluded. Fed. R. Evid. 801-802. The statements within the transcript are another layer of hearsay, so should be excluded. Id. Finally, any statements within the transcripts about what other people said is hearsay, so should also be excluded. Id.

21.     Yellowhorse offers the confidential source's map drawn during an interview with that confidential source.[7] The United States does not object to the introduction of evidence listed as #21 on Yellowhorse's exhibit list, assuming Yellowhorse lays a proper foundation at trial.

22.     Yellowhorse offers the transcript of Mr. Chischilly change of plea hearing. Exhibit list at 5; Doc. 132. The transcript is hearsay, so should be excluded. Fed. R. Evid. 801-802. Mr.

---

[5] Due to the proposed exhibit's size, the United States does not attach a copy here.

[6] Due to the proposed exhibit's size, and that it comes from a confidential source, the United States does not attach a copy here.

[7] The United States does not attach this proposed exhibit because of the sensitive nature of the document

Chischilly's statements within the transcript, to the extent they are offered for the truth of the matter are also hearsay, so should also be excluded. Id.

23. Yellowhorse offers the grand jury transcript of Patricia and Herman Yellowhorse. Exhibit list at 5; Doc. 122-2. The transcript is hearsay, as are the statements within the transcript. Fed. R. Evid. 801-802. The Court should exclude it on hearsay grounds.

24. Yellowhorse seeks to introduce Crownpoint (Navajo) incident reports identified from Bates (1733 – 1860).[8] The documents are, generally, police reports anywhere from seven to eleven years ago about Chischilly. The documents are hearsay, so the Court should exclude them. Fed. R. Evid. 801-802. To the extent that the documents record anyone else's statements to law enforcement, those statements are also hearsay, so the Court should exclude them on that independent ground. Id. Finally, the evidence within those reports should be excluded under rules 401, 402, and 403 for the reasons articulated in previous briefing. See Docs. 120, 186.

Respectfully submitted,

ALEXANDER MM UBALLEZ
United States Attorney

*/s/ electronically filed July 20, 2022*
FREDERICK MENDENHALL
JENNIFER ROZZONI
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1402 phone
(505) 346-7296 fax

I hereby certify that a copy of this motion was delivered via CM/ECF to counsel for the defendant.

*Electronically filed*
FREDERICK MENDENHALL

---

[8] Due to the proposed exhibit's size, the United States does not attach a copy here.