**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                           No. 1:20-cr-01566-DHU

TIMOTHY CHISCHILLY and
STACEY YELLOWHORSE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART THE UNITED STATES'**
**MOTION IN LIMINE TO ADMIT STATEMENTS AGAINST INTEREST**

        This matter is before the Court on the United States' Motion in Limine to Admit Statements Against Interest (Doc. 121) ("Motion").[1] The United States seeks a pretrial ruling that certain statements Defendant Timothy Chischilly made to his family members are admissible against Defendant Stacey Yellowhorse as statements against interest under Federal Rule of Evidence 804(3). *See* Doc. 121 at 1. Defendant Stacey Yellowhorse filed a Response (Doc. 135), the Government filed a Reply (Doc. 156), Defendant filed a Supplemental Brief (Doc. 237), and the Government filed a Response to Defendant's Supplemental Brief (Doc. 242). The Court heard oral argument on the Motion during a pretrial motion hearing on July 27, 2022, at which time the Court reserved ruling on the Motion. *See* Docs. 196 and 200. Having considered the motion, briefs, record evidence, arguments, relevant law, and being otherwise fully informed, the Court concludes that the Motion is **GRANTED IN PART AND DENIED IN PART.**

---

[1] The United States also filed a Sealed Notice of Lodging Exhibit related to its Motion. *See* Doc. 122.

1

## BACKGROUND

Defendants Chischilly and Yellowhorse are accused of killing Jane Doe and burning and dismembering parts of her body. *See* Doc. 3. Several days after the alleged murder, Chischilly allegedly confessed to five family members – his two sisters and three of their family members - at his sister's home. *See* Doc. 121 at 2. The Government anticipates testimony from these family members that Chischilly gathered them together and said to them, among other things, that he and Yellowhorse had killed Doe and that he pinned Doe down while Yellowhorse hit Doe's head with a mallet or a hammer. *See* Doc. 121 at 1.

In February 2020, three of those individuals – Jennifer, Matisha and Andrew – testified to the Grand Jury in February 2020. *See* February 11, 2020 Grand Jury Transcript 1, Doc. 122-1 ("Feb. 11 2020 Tr."). Chischilly's sister Jennifer testified that Chischilly told the family members that "h[e] and Stacey killed her, and he tackled her and she bludgeoned him (sic) to death, hit her with something, a sledgehammer or something" and "went and burned her." *Id*., at 9:1-3, 9:20.

Jennifer's niece Matisha and Matisha's husband, Andrew, were also present. According to Matisha's testimony, Chischilly gathered everyone in the room and told them "the girl that's missing, we had killed her." *Id*., at 38:23-24. According to Andrew, Chischilly told them he "wanted to get something … off his chest, so he told us that he murdered someone" by "pinn[ing] her down with nails and hammer, and they – they used wire, and while he was – while she was pinned down, the girlfriend, Stacy, got a mallet and busted her head in." *Id*., at 28:13-14; 29:12-16. According to Andrew, Chischilly said that he, "tr[ied] to hack it [the body] up and … burn whatever was left of it, and he started putting the remains in different areas." *Id*., at 20:1-3.

2

The Government seeks an order allowing it to elicit the following statements Chischilly made to his relatives through testimony by the family members:

1. Chischilly's statement that he and Yellowhorse killed Doe;
2. Chischilly' statement that he held Doe down;
3. Chischilly's statement that he used a hammer and nail to pin Doe down;
4. Chischilly's statement that Yellowhorse used a sledgehammer or mallet to bludgeon Doe; and
5. Chischilly's statement that he and Yellowhorse burned the body after the fact.

*See* Doc. 121 at 5.

## LEGAL STANDARDS

Hearsay means a statement that a declarant makes while not testifying at the current trial and offered in evidence by a party to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Hearsay is inadmissible unless it falls with a hearsay exception or exclusion. *See id.* 802.

"One such exception is for statements against interest." *United States v. Lozado*, 776 F.3d 1119, 1121–22 (10th Cir. 2015) (citing Fed. R. Evid. 804(b)(3)). "To qualify as a statement against interest, a statement must have been made by a declarant considered unavailable as a witness." *Id.* (citing Fed. R. Evid. 804(a)). A declarant is unavailable as a witness if he or she "is exempted from testifying ... because the court rules that a privilege applies," "refuses to testify," "testifies to not remembering the subject matter," "cannot be present ... because of death or ... illness," or is absent and the statement's proponent cannot procure the declarant's attendance. Fed. R. Evid. 804(a); *Lozado*, 776 F.3d at 1122.

A statement against interest made by an unavailable declarant is one that:

(A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and

> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Fed. R. Evid. 804(b)(3).  In summary, "Rule 804(b)(3) requires three things: (1) the declarant is unavailable; (2) a reasonable person in the declarant's position would not have made the statement unless she believed it to be true because, when made, it exposed the declarant to criminal liability; and (3) the statement is supported by 'corroborating circumstances that clearly indicate its trustworthiness.'" *United States v. Hammers*, 942 F.3d 1001, 1010 (10th Cir. 2019), *cert. denied*, ––– U.S. –––, 140 S. Ct. 2768, 206 L.Ed.2d 940 (2020) (quoting Fed. R. Evid. 804(b)(3)).

Rule 804(b)(3) embodies "the commonsense notion that reasonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true." *United States v. Smalls*, 605 F.3d 765, 780-81 (10th Cir. 2010) (internal quotation marks omitted) (quoting *Williamson v. United States*, 512 U.S. 594, 599 (1994)).  However, these types of statements are only admissible to the extent they inculpate the declarant because "[t]he fact that a statement is self-inculpatory does make it more reliable; but the fact that a statement is collateral to a self-inculpatory statement says nothing at all about the collateral statement's reliability." *Williamson*, 512 U.S. at 600.  In short, Rule 804(b)(3) only covers statements that are "'individually self-inculpatory.'" *Smalls*, 605 F.3d at 781 (quoting *Williamson*, 512 U.S. at 599); *see also United States v. DeLeon*, 558 F. Supp. 3d 1105, 1126 (D.N.M. 2021) (describing holding in *Smalls*).

For statements that are part of an overarching narrative that is self-inculpatory, the Court may not "just assume" that an individual statement is self-inculpatory "because it is part of a fuller confession, and this is especially true when the statement implicates someone else." *Williamson*, 512 U.S. at 601.  The Tenth Circuit has "rejected the notion 'that an entire narrative, including

4

non-self-inculpatory parts (but excluding the clearly self-serving parts...) may be admissible if it is in the aggregate self-inculpatory.'" *Hammers*, 942 F.3d at 1010 (quoting *Smalls*, 605 F.3d at 781). Relying on this framework, the Court now turns to the question of whether any of Chischilly's statements are admissible under Rule 804(b)(3), and if so, which statements.

## ANALYSIS

### I. The portions of Chischilly's statements that are non-self-inculpatory are not admissible under Rule 804(b)(3).

Some portions of Chischilly's statements are not admissible under Rule 804(b)(3) because they are non-self-inculpatory statements. *See Williamson*, 512 U.S. at 600-601 ("In our view, the most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory."); *see also Hammers*, 942 F.3d at 1010 ("only the portions of the suicide note specifically inculpating [the declarant] are eligible for analysis under Rule 804(b)(3). The statement exculpating Defendant . . . is not a statement against interest because it is not self-inculpatory.").

Although Chischilly's statements to his family were self-inculpatory in the aggregate, the statements also implicated Defendant Yellowhorse. Under *Williamson* and *Smalls*, this Court must find that any portions of Chischilly's statements that implicate Yellowhorse are not admissible under Rule 804. *See Williamson*, 512 U.S. at 600 ("the fact that a statement is self-inculpatory does make it more reliable; but the fact that a statement is collateral to a self-inculpatory statements says nothing at all about the collateral statement's reliability."); *see also Smalls*, 605 F.3d at 786 ("*Williamson* tells us that neither self-exculpatory nor non-self-inculpatory portions of a statement are admissible under Rule 804(b)(3) as against penal interest. Rather, Rule 804(b)(3) 'covers only those declarations or remarks within the confession that are individually self-inculpatory.'") (quoting *Williamson*, 512 U.S. at 599). Therefore, the Government may not offer into evidence

5

the portions of Chischilly's statements to his family members that are non-self-inculpatory in that they refer to Yellowhorse's alleged participation in the charged crime.

### II. The portions of Chischilly's statements that are self-inculpatory are admissible under Rule 804(b)(3) as statements against penal interest.

"Rule 804(b)(3) covers only those statements that are 'individually self-inculpatory.'" *Hammers*, 942 F.3d at 1010 (quoting *Smalls*, 605 F.3d at 781). Therefore, the portions of Chischilly's statements that are self-inculpatory may be analyzed under Rule 804(b)(3).

Regarding the first Rule 804(b)(3) element, it appears Chischilly will be unavailable to testify as he will likely invoke his Fifth Amendment privilege not to testify. *See* July 27, 2022 Motion Hearing Transcript ("Mot. Hr'g Tr.") at 53:24-54:15; *see also* Doc. 121 at 6-7 (describing that Chischilly's trial is severed from Yellowhorse's and is scheduled to occur after Yellowhorse's so it is "highly likely that Chischilly would invoke his privilege not to testify so that his testimony at Yellowhorse's trial would not be used against him at his trial"); *see also* Docs. 192 and 212 (orders indicating current respective trial dates for Yellowhorse and Chischilly).

Regarding the second element, Defendant Yellowhorse does not appear to contest that the self-inculpatory statements at issue are statements that a reasonable person in Chischilly's position would not have made unless he believed them to be true because, when made, they exposed Chischilly to criminal liability. As the Government argues, the self-inculpatory portions of Chischilly's statements are against his interest because they either amount to a confession to murder and/or more specifically describe his role in the murder. *See* Doc. 121 at 10-11. "[N]o other statement is so much against interest as a confession of murder." *Smalls*, 605 F.3d at 782 (citation omitted). Therefore, the Court finds that the second element is satisfied; Chischilly's self-inculpatory statements were made against his penal interest.

The third element of Rule 804(b)(3) requires that the statements be supported by "corroborating circumstances that clearly indicate [their] trustworthiness." Fed. R. Evid. 804(b)(3). The Government argues that "the Tenth Circuit, while not solidifying the contours of what 'must be used to corroborate' the proffered statements, has laid out factors that 'can' be considered which are 'the declarant's credibility and the circumstances of the statement bearing on its truthfulness." Doc. 156 at 2 (quoting *United States v. Lozado*, 776 F.3d 1119, 1132 (10th Cir. 2015)). Defendant Yellowhorse presents and analyzes a list of relevant factors for analyzing the corroboration requirement suggested by Wright and Miller. *See* Doc. 135 at 5-6 (citing Wright and Miller, 30 B Fed. Prac. & Proc. Evid. § 6998 (2021 ed.)).

This Court will focus on existing Tenth Circuit precedent for its analysis. In *Lozado*, the Tenth Circuit reviewed, among other issues, a district court's exclusion of a statement under Rule 804(b)(3) because the district court found insufficient corroborating circumstances that clearly indicated the statement's trustworthiness. 776 F.3d at 1124. There, at his trial for being a felon in possession of ammunition, the defendant moved to admit a hearsay statement form his brother-in-law claiming ownership of the ammunition. *Id.*, 776 F.3d at 1121. The district court ruled the statement inadmissible because, as relevant here, there were "insufficient corroborating circumstances linking [the brother-in-law declarant] to the ammunition." *Id.,* 776 F.3d at 1124. After noting that "the Tenth Circuit has not squarely addressed how a statement must be corroborated" and describing the "varying views" of other Circuits on the issue, the Court found:

> Although we think the declarant's credibility and the circumstances of the statement bearing on its truthfulness can both be considerations, we do not need to decide what specifically must be used to corroborate because there were (a) no corroborating circumstances of any kind that clearly indicated the trustworthiness of [the declarant's] statement. We also note two circumstances that counsel against the trustworthiness of the statement: (b) the close relationship between [the declarant] and [the defendant] and (c) the inconsistencies in [the declarant's] statement.

776 F.3d at 1132-1133. Elaborating on each point in turn, the Court first found that "no evidence, apart from [the declarant's] statement, suggested the ammunition . . . belonged to him." 776 F.3d at 1133. Second, the Court found the declarant's statement was "suspect because he is [the defendant's] brother-in-law, which provided him with a motive to help [the defendant]. A close relationship between the declarant and the defendant can damage the trustworthiness of the statement."[2] *Id*. Lastly, the Court found the brother-in-law's statement "contained several inconsistencies that undermined his credibility and the probative value of his statement" and the inconsistencies were not relatively minor. *Id*.

Considering all the circumstances, the Court finds Chischilly's self-inculpatory statements are supported by corroborating circumstances that indicate their trustworthiness under Rule 804(b)(3). Understanding that the Tenth Circuit has not decided "specifically what must be used to corroborate," *Lozado*, 776 F.3d at 1133, the Court first finds that Chischilly's self-inculpatory statements are corroborated by additional evidence, unlike the statement in *Lozado*. Here, considering only the self-inculpatory statements, the Government intends to elicit the following:

1. Chischilly's statement that he killed Doe;
2. Chischilly's statement that he held Doe down;
3. Chischilly's statement that he used a hammer and nail to pin Doe down; and
4. Chischilly's statement that he burned the body after the fact.

Significantly, the Forensic Anthropology Report ("Forensic Report") (Doc. 135-3) indicates the remains of Doe's body consisted of "numerous charred and fragmented bones" and along with the remains were "two nails of the same thickness that fits" a small hole on the side of

---

[2] Importantly, while the *Lozado* Court referenced the relationship between declarant/defendant, elsewhere the Tenth Circuit has noted that "a close relationship between witness and declarant is more often treated as a factor *in favor* of a finding of trustworthiness rather than a point against." *United States v. Manning*, 787 F. App'x 984, 988 n.1 (10th Cir. 2019).

Doe's skull.  Doc. 135-3 at 1.  The Government also notes that "a search of [Chischilly's] home revealed puncture holes in the floor consistent with nail holes.  Doe's DNA was found adjacent to one of those holes."  Doc. 121 at 13.  This is all evidence that corroborates Chischilly's statements that he used a hammer and nail to pin Doe down and that he burned the body after the fact.

      The circumstances surrounding each of the four statements are also corroborated because of the close relationship between Chischilly (the declarant) and his family members (the witnesses).  This is because "a close relationship between witness and declarant is more often treated as a factor *in favor* of a finding of trustworthiness rather than a point against."  *Manning*, 787 F. App'x at 988 n.1.  *See* Doc. 156 at 2.  There is often an "indication of truthfulness" for statements made by a declarant to witnesses with whom he has a close relationship.  *Id.*.  Because the witnesses at issue here are Chischilly's family members, the Court finds this lends support to the corroboration of the statements.

      Next, the Court finds that Chischilly's self-inculpatory statements to his family members are supported by corroborating circumstances because, as the Government notes, "[h]is statements are recounted consistently amongst the witnesses."  Doc. 121 at 2.  This is different from the statement in *Lozado*, which contained internal inconsistencies, because here the statements Chischilly made to his family were largely internally consistent.  Defendant Yellowhorse asks the Court to compare the statements at issue here with other statements Chischilly subsequently made. For example, Defendant Yellowhorse argues that Chischilly's statements are not reliable because Chischilly testified at a change of plea hearing on February 11, 2022 that "he never nailed the victim down and did nothing to participate in the murder."  Doc. 135 at 4.  The Court declines to give much weight to this argument because, under *Lozano*, the more appropriate query seems to be the extent of inconsistencies within the statements at issue.  Here, Chischilly gathered his five

9

family members together, made statements about Doe's murder, and the statements are recounted largely consistently amongst the family members. Considering all of the above, the Court finds the self-inculpatory statements proffered by the Government are supported by corroborating circumstances that clearly indicate their trustworthiness. As a result, the self-inculpatory portions of Chischilly's statements are admissible under Rule 804(b)(3).

## CONCLUSION

In sum, the Court concludes that any self-inculpatory statements – portions that inculpate Chischilly, the declarant -- are admissible, and the portions that inculpate Yellowhorse are not admissible. With the inadmissible portions struck, the admissible statements are:

1. Chischilly's statement that he ~~and Yellowhorse~~ killed Doe;
2. Chischilly' statement that he held Doe down;
3. Chischilly's statement that he used a hammer and nail to pin Doe down;
4. ~~Chischilly's statement that Yellowhorse used a sledgehammer or mallet to bludgeon Doe~~;
5. Chischilly's statement that he ~~and Yellowhorse~~ burned the body after the fact.

**IT IS THEREFORE ORDERED** that the United States' Motion in Limine to Admit Statements Against Interest (Doc. 121) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that any witness testifying regarding the statements at issue in this Order must comply with the terms of this Order.

**IT IS SO ORDERED**.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE